IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1533-K |
| | § | |
| MAKITA CORPORATION, MAKITA | § | |
| U.S.A., INC., MAKITA CORPORATION | § | |
| OF AMERICA, and FORNEY | § | |
| INDUSTRIES, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Makita Corporation's ("Makita Japan") Motion to Dismiss (the "Motion") (Doc. No. 37) for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Curtis Taylor filed a Response in Opposition (the "Response") (Doc. No. 40). Defendant Makita Japan did not file a reply and the time to do so has long passed. The Court has carefully considered the Motion, the Response, the relevant parts of the record, and the applicable law. The Court finds Defendant Makita Japan waived any challenge to personal jurisdiction by failing to raise the defense in its initial motion to dismiss under Rule 12(b)(5) for insufficient service of process. Accordingly, the Court **DENIES** the Motion.

ORDER – PAGE 1

I.    **Factual and Procedural Background**

On July 10, 2023, Plaintiff Curtis Taylor ("Plaintiff") filed this case against Defendants Makita Japan, Makita U.S.A., Inc., Makita Corporation of America (together, the "Makita Defendants"), and Forney Industries, Inc., asserting, generally, liability and negligence causes of action for personal injuries Plaintiff allegedly sustained while using a Makita Angle Sander/Grinder (the "Grinder").  Doc. No. 1 at 3, 4-9.  Plaintiff alleges the Makita Defendants "designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce" the Grinder "by and through the agents and/or representative of Makita."  *Id.* at 4.  Plaintiff seeks to recover actual and punitive damages.  *Id.* at 9-10.

Defendant Makita Japan filed a Rule 12(b)(5) Motion Challenging Insufficient Service of Process (the "12(b)(5) motion") (Doc. No. 4) on August 4, 2023.  Defendant Makita Japan argued that Plaintiff's attempt to serve it through a domestic subsidiary was improper and asked the Court to quash the improper service.  Doc. No. 4 at 6.  In the 12(b)(5) motion, Defendant Makita Japan raised no other defenses under Rule 12(b).  Plaintiff filed a response (Doc. No. 15), stating he had agreed to effectuate service on Defendant Makita Japan through the Hague Convention (the "Hague") and, therefore, the relief Defendant Makita Japan requested in its 12(b)(5) motion was moot.  Doc. No. 15 at 2.  In light of Plaintiff's response, the Court ordered Defendant

ORDER – PAGE 2

Makita Japan to either file a reply in further support of its motion or file a notice withdrawing its 12(b)(5) motion as moot because Plaintiff had agreed to serve it through the Hague.  Doc. No. 17  Defendant Makita Japan filed a notice withdrawing its motion.  Doc. No. 18.

On Plaintiff's subsequent motion (Doc. No. 20), the Court appointed an international process server (Doc. No. 21).  On February 7, 2024, Plaintiff filed a notice of service of process on Defendant Makita Japan which Plaintiff states occurred on November 27, 2023.  Doc. No. 32 at 1.  On February 12, 2024, Defendant Makita Japan filed this Motion to Dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## II.   Applicable Law

Federal Rule of Civil Procedure 12(g)(2) provides:  "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  FED. R. CIV. P. 12(g)(2).  Rule 12(h)(1) states that a "defense listed in Rule 12(b)(2)-(5)" is waived by a party who "omit[s] it from a motion in the circumstances described in Rule 12(g)(2)".  FED. R. CIV. P. 12(h)(1)(A).  The limited exceptions addressed in Rule 12(h)(2) and (3) do not apply here.  Thus, under the clear language of Rule 12, a party waives the defense of lack of personal jurisdiction

if it is not raised in the party's initial Rule 12(b) motion. *Id.*; *see also* FED. R. CIV. P. 12(b)(2).

### III. Analysis

Defendant Makita Japan moves the Court to dismiss it from this suit on the basis that the Court lacks both general and specific personal jurisdiction over Defendant Makita Japan. *See, e.g.*, Doc. No. 37 at 3. In his Response, Plaintiff argues as an initial matter that the Motion must be denied because Defendant Makita Japan waived its personal jurisdiction defense by failing to raise this defense in its first Rule 12(b) motion. The Court agrees and finds waiver of the personal jurisdiction defense; therefore, the Court need not address whether it has personal jurisdiction over Defendant Makita Japan.

Defendant Makita Japan asserted only the defense of insufficient service of process under Rule 12(b)(5) in its initial motion to dismiss under Rule 12(b). *See generally* Doc. No. 4. "A party waives its personal jurisdiction defense by omitting it from a previously-filed motion to dismiss if the personal jurisdiction defense was available when the initial motion was made." *Gilmour, Tr. for Grantor Trs. v. Blue Cross & Blue Shield of Ala.*, Civ. Action No. SA-17-CA-518-FB, 2019 WL 2147580, at *1 (W.D. Tex. Mar. 6, 2019) (quoting *Orthoflex, Inc. v. ThermoTek, Inc.*, Civ. Action No. 3:10-CV-2618-D, 2013 WL 2284878, at *1 (N.D. Tex. May 23, 2013)(Fitzwater, J.)).

There is nothing in the record suggesting that the personal jurisdiction defense was not available to Defendant Makita Japan at the time it filed its initial Rule 12(b)(5) motion, and Defendant Makita Japan did not file a reply arguing as much. Because it omitted the personal jurisdiction defense from its first Rule 12 motion and that defense was available at the time, Defendant Makita Japan waived this Rule 12(b)(2) defense.

That the motion was later withdrawn as moot because Plaintiff agreed to serve Defendant Makita Japan through the Hague is of no moment. The fact remains that Defendant Makita Japan indeed filed the Rule 12(b)(5) motion with the Court and failed to include its Rule 12(b)(2) personal jurisdiction defense. *See* FED. R. CIV. P. 12(g)(2) & (h)(1). "Under Rule 12(g)(2), a party that makes a motion to dismiss under Rule 12(b) prior to answering must consolidate all of its Rule 12 defenses into one motion." *Gilmour*, 2019 WL 2147580, at *1 (quoting *Hunter v. Serv-Tech, Inc.*, No. CIV.A 07-9009, 2009 WL 2858089, at *2 (E.D. La. Aug. 28, 2009)). "The policy is one of promoting judicial efficiency by avoiding piecemeal, pre-answer litigation of 12(b)(2)-(5) defenses." *Id.* (cleaned up). In its notice withdrawing the 12(b)(5) motion, Defendant Makita Japan attempted to preserve its personal jurisdiction defense by stating the notice was "without waiver of any subsequent challenge to service of process or the jurisdiction of this Court over this Defendant". *See* Doc. No. 18 at 1. The Court did not find any legal authority supporting the conclusion that this

language somehow preserved its personal jurisdiction defense in spite of the clear language of Rules 12(g)(2) and (h)(1).  Defendant Makita Japan itself does not provide legal authority (or even argument) for this conclusion as it chose not to file a reply.

The record is clear that Defendant Makita Japan did not challenge the Court's ability to exercise personal jurisdiction over it in its initial Rule 12(b) motion which challenged only insufficient service of process.  Further, Defendant Makita Japan could have filed its Rule 12(b)(2) Motion when it filed its initial Rule 12(b)(5) motion.  *See, e.g.*, Doc. No. 37 at 4 (listing evidence in support of its personal jurisdiction defense, all of which appear to have existed at the time its initial Rule 12(b) motion was filed).  "The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (per curiam).  Accordingly, the Court finds that Defendant Makita Japan waived its personal jurisdiction defense under Rule 12(b)(2).  *See MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, Civ. Action No. 3:02-CV-2727-G, 2004 WL 833595, at *4-5 (N.D. Tex. Apr. 19, 2004)(Fish, C.J.) (finding defendant waived its personal jurisdiction defense when it joined co-defendant's motion to dismiss under Rule 12(b)(5)).

## IV.    Conclusion

For these reasons, the Court finds Defendant Makita Japan waived its personal jurisdiction defense and, therefore, the Court **denies** the Motion to Dismiss (Doc. No. 37) for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed May 8th, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE